IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Criminal Case 07-cr-00188-WDM-1

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.    JOSE AVENDANO,

     Defendant.

_____

## ORDER ON MOTION TO WITHDRAW § 5K1.1 MOTION FOR DOWNWARD DEPARTURE

_____

Miller, J.

     This matter is before me on the government's Motion to Withdraw § 5K1.1 Motion for Downward Departure Based on Substantial Assistance (ECF No. 1082). Defendant opposes the motion. For the reasons set forth below, I will grant the government's motion, give Defendant the opportunity to withdraw his plea and otherwise schedule the matter for sentencing.

<u>Background</u>

     On August 27, 2007, Defendant was charged in a Second Superseding Indictment (ECF No. 289) with the following counts: (1) conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2; (12) and (25) use of a communication facility in committing the crime described in Count 1, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2; (13) distribution of and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2; and (64) forfeiture

pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982. Pursuant to a plea agreement,

Defendant agreed to plead guilty to Count Thirteen, possession with intent to distribute

cocaine, and confess forfeiture on Count Sixty-four. ECF No. 466. The remaining

charges would be dismissed. *Id.* Other relevant terms of the plea agreement are as

follows:

6.     The defendant agrees to provide truthful, complete and accurate information, and agrees to cooperate fully with the Government. Deliberate falsehood or misinformation provided during his cooperation with the Government would be grounds for rescission of this Plea Agreement as well as possible further prosecution for perjury or false statements. This cooperation will include, but is not limited to [full debriefing, defendant's furnishing documents and other relevant material to the government, defendant's not revealing his cooperation, defendant's full and truthful testimony at any proceeding, defendant's consent to postponements of his sentencing].

7.     In further consideration of this plea, if the United States Attorney's Office for the District of Colorado determines, in its sole discretion, that the defendant has cooperated fully, provided substantial assistance to law enforcement authorities and otherwise complied with the terms of this agreement, the Government, at the time of sentencing, will file a motion with the sentencing Court pursuant to Section 5K1.1 of the Sentencing Guidelines, provided the Defendant continues to truthfully cooperate and does not retract or otherwise recant the information supplied. This motion will permit the Court, in its discretion, to impose a sentence below the applicable Sentencing Guidelines range.

8.     It is understood that the Government's determination of whether the defendant has cooperated fully and provided substantial assistance, and the government's assessment of the value, truthfulness, completeness and accuracy of the cooperation, are

within the Government's sole discretion.  Moreover, the defendant shall not be entitled to withdraw his plea if the Government determines that he has not fully cooperated and elects not to file the above-described motion.  The Defendant's full cooperation, in the form of testimony, if required, has not yet been completed; however, in consideration of this proposed cooperation, and pursuant to Section 5K1.1 of the Sentencing Guidelines, the Government states its intention to recommend that the Court depart from the applicable guidelines range and impose a sentence within the range of 34-42 months imprisonment.  The nature and extent of the defendant's cooperation, as well as the final requested departure, will be disclosed in relation to the 5K1.1 motion or will be disclosed at time of sentencing.  The parties understand and agree that the decision of whether to file such a 5K1.1 motion is entirely within the discretion of the Government.

*Id.*

At the change of plea hearing on January 3, 2008, and in accordance with my common practice, the Defendant was advised that I would not accept his plea at that time but would rather wait review of the Presentence Investigation Report and any matters presented at sentencing.  ECF No. 465.  Sentencing was originally scheduled for June 19, 2008.  Thereafter, pursuant to government motions, sentencing was continued first until January 22, 2009, (ECF No. 626) and then again until June 10, 2009.  ECF No. 817.  In the meantime, Defendant testified at the trial of his co-defendants, Oscar Garcia-Ruiz and Roberto Lopez on March 31, 2009.  On May 4, 2009, and in accordance with the plea agreement, the government filed a motion for downward departure pursuant to § 5K1.1 U.S.S.G.  ECF No. 960.  The motion states that Defendant "provided truthful and complete information as to his involvement with this offense and the involvement of others," he was helpful to the government's

investigation, he testified at the trial of co-defendants and he may be required to provide testimony after sentencing.  *Id.* at  2.  In particular, the motion notes that "it is made with reliance that the defendant will continue to cooperate with law enforcement . . . to the best of his ability providing information and testimony as requested truthfully, completely, and without reservation in relation to any further state or federal proceedings pursuant to the legal process."  *Id.*  Thereafter, the government again moved to continue sentencing (ECF No. 1024) which was granted until July 30, 2009.  ECF No. 1033.  Then, a few weeks later but before the scheduled sentencing date, the government moved to withdraw its motion for downward departure, alleging that Defendant was "less than truthful and complete" concerning his involvement with the underlying defenses, in particular that he withheld information regarding co-defendant Garcia-Ruiz.  ECF No. 1082.

In its memorandum of law (ECF No. 1235) in support of the motion, the government provides additional information.  It states that at the trial of Garcia-Ruiz, Defendant testified that he could not identify Garcia-Ruiz as the person who delivered drugs to him in December 2006.  After the filing of the 5K1.1 motion, the government avers that it debriefed two additional cooperators who informed the government that Defendant was intimately familiar with Garcia-Ruiz and that Defendant had withheld critical information during his debriefings with the government regarding another ongoing FBI investigation.  The government asked Defendant to take a polygraph, which Defendant refused.  The government contends that this refusal was a breach of Defendant's duty to cooperate under the plea agreement and strongly evidences Defendant's consciousness of guilt.  Based on these alleged breaches of the plea

4

agreement, the government therefore seeks to withdraw the motion for downward

departure.  The government, however, is unwilling to disclose to Defendant the

evidence it has of his alleged untruthfulness, arguing that it has no obligation to do so

absent a preliminary showing of unconstitutional motive and that disclosure would

jeopardize an on-going investigation.  Orally the government also argued disclosure

was precluded by an ongoing grand jury investigation.  Jan. 28, 2010 Tr. ECF No. 1220

at 7, 11-12.[1]

In particular, the government relies on principles outlined in *Wade v. United*

*States*, 504 U.S. 181 (1992), which outlines the circumstances under which a district

court may review a prosecutor's refusal to file a substantial assistance motion.  *Wade*

notes that section 5K1.1 confers on the government "a power, not a duty" to file a

motion for downward departure for a defendant's substantial assistance.  504 U.S. at

185.  In general, a court's authority to review the government's refusal to file such a

motion is limited to determining whether the decision was (1) animated by an

unconstitutional motive, or (2) not rationally related to a legitimate government end.  *Id.*

at 185-86.  Where a plea bargain agreement gives the government sole discretion in the

decision to file a motion for downward departure, the Tenth Circuit has held that it is

rational and legitimate for the government to evaluate the worth of a defendant's

cooperation and to decide not to reward cooperation that is "incomplete, insincere or

---

[1]With an appropriate showing by Defendant to require a determination of either
unconstitutional motive or irrational act, the relevant evidence from a grand jury
proceeding may well be disclosed pursuant to Fed. R. Crim. P. 6(e)(3)(E)(I) which
authorizes disclosure "in connection with a judicial proceeding."

manipulative." *United States v. Williams*, 374 F.3d 941, 949 (10th Cir. 2004).

Without more, substantial assistance does not entitle a defendant to a downward

departure.  The *Wade* Court made clear that providing substantial assistance does "not

entitle a defendant to a remedy or even to discovery or an evidentiary hearing.  Nor

would additional but generalized allegations of improper motive. . . .  Indeed, . . . a

defendant has no right to discovery or an evidentiary hearing unless he makes a

'substantial threshold showing.'" 504 U.S. at 186.  Thus, with regard to a refusal to file a

motion for departure, the law is well-settled that a defendant is entitled to no relief

without a substantial showing of an unconstitutional motive or irrational objective or end.

In response, Defendant argues that the authority upon which the government

relies generally concerns the refusal to file a 5K1.1 motion, not the withdrawal of such a

motion already filed.  Defendant's argument is essentially that, since the government

filed the 5K1.1 motion and it now seeks to change that status quo by withdrawing the

motion, it has the burden of proof or going forward to effect that change and it fails to

meet that burden by refusing to offer any proof.[2]  Defendant argues that the government

has breached the plea agreement, particularly by adding a condition that he be required

to take a polygraph.

To resolve these issues I began with the plea agreement itself.  Its plain

language makes clear that the government retains sole discretion to determine whether

the Defendant has cooperated fully and provided substantial assistance.  Plea

---

[2]Defendant also seeks to argue that the government has the burden of
persuasion because Defendant characterizes the withdrawal as an enhancement to his
sentence.  This argument fails because government seeks no such enhancement but
rather refuses to seek a reduction.

Case 1:07-cr-00188-MSK   Document 1386   Filed 07/12/11   USDC Colorado   Page 7 of 9

Agreement, ECF No. 466, at 4, ¶ 8.  Likewise, it is in the complete discretion of the

government whether to file a 5K1.1 motion.  *Id.*  Importantly, the nature and extent of

the Defendant's cooperation is ultimately disclosed and determined at the time of

sentencing.  *Id.* at 5.  Consistent with that language, the departure motion makes clear

that the Defendant's obligations to cooperate are ongoing including that, if called upon

to do so, he will provide "information and testimony as requested truthfully, completely,

and without reservation, in relation to any further state or federal proceedings pursuant

to legal process."  Government's § 5K1.1 motion at 2 (ECF No. 960).

I interpret this language to provide that Defendant's obligations continue up to

and including the day of sentencing.  Likewise, the discretion of the government to

determine whether his cooperation was satisfactory continues until that time. Applying

those principles to the history of this case, the government was originally satisfied with

Defendant's cooperation so as to file a 5K1.1 motion prior to the original sentencing

date but learned otherwise before the rescheduled sentencing date and filed its motion

to withdraw.  I construe the plea agreement language to grant to the government the

power to exercise its sole discretion up to the time of sentencing, and that includes the

authority to change its mind.  Otherwise, a rule would be established that a 5K1.1

motion filed prior to sentencing is binding upon the government regardless of events

occurring or facts learned after the filing and before sentencing.  Such a rule would be

inconsistent with the plain language of the agreement which imposes the obligation to

cooperate until sentencing and grants the power to the government to determine "at the

time of the sentencing" whether the cooperation was sufficient.  Plea Agreement, ECF

No. 466, at 4, ¶ 7.  Although one might argue that the government as movant must meet

7

a burden of persuasion (and hence disclose the reason for lack of cooperation), to do so would undermine the basic rule set out in *Wade* that a defendant first must make a substantial showing that the refusal to make the motion is improperly motivated.  In short, I conclude that the government has the right to withdraw a 5K1.1 motion filed prior to sentencing if it determines, in its sole discretion, prior to actual sentencing, that the motion has become inappropriate because of events occurring or facts learned since the filing of the motion.

However, I note that the Tenth Circuit has afforded the Defendant the right to withdraw from the plea agreement if the government later discovers facts that cause it to believe its exercise of discretion was improper or wrong.  *United States v. Cooper*, 70 F.3d 563, 567 (10th Cir. 1995).  For that reason, as well as the simple fact that I have not yet accepted the Defendant's plea of guilty, he should have the right to withdraw his plea, given this ruling.

Accordingly, it is ordered:

1.  The government's Motion to Withdraw its 5K1.1 Motion is granted and the motion is withdrawn;

2.  The Defendant may withdraw his plea of guilty by July 25, 2011;

3.  If Defendant withdraws his plea, the parties shall schedule trial; and

4.  If the Defendant does not withdraw his plea of guilty by July 25, this matter shall proceed to sentencing on July 27, 2011, at 9:00 a.m. in the Alfred A. Arraj United

States Courthouse, 901 19th St. Courtroom A902.

DATED at Denver, Colorado, on July 12, 2011.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge